**Christopher R. Best**, OSB No. 082649
E-mail:   cbest@gattilaw.com
**James M. Healy**, OSB No. 123403
E-mail:   jhealy@gattilaw.com
The Gatti Law Firm
235 Front Street SE #200
Salem, Oregon 97301
Phone: 503-363-3443 or 800-289-3443
Fax: 503-371-2482
Attorneys for Plaintiff Logan Colwell

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LOGAN COLWELL<br><br>Plaintiff,<br><br>v.<br><br>PORTLAND POLICE BUREAU a municipal agency; CITY OF PORTLAND, a municipal corporation; and NICHOLAS BIANCHINI, in his individual capacity<br><br>Defendants. | Case No:<br><br>COMPLAINT FOR VIOLATION OF FOURTH AMENDMENT BY USE OF EXCESSIVE FORCE; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, by and through his attorneys Christopher R. Best and James M. Healy, allege as follows:

**JURISDICTION AND VENUE**

1.   Plaintiff brings an action for money damages pursuant to 42 U.S.C. § 1983 against Portland Police Bureau officer Nicholas Bianchini in his individual capacity for subjecting Plaintiff to excessive force in violation of Plaintiff's rights under the Fourth Amendment to the

Page 1 - COMPLAINT

THE GATTI LAW FIRM
235 Front Street SE #200, Salem OR 97301
Phone: 503-363-3443; Fax: 503-371-2482
cbest@gattilaw.com
jhealy@gattilaw.com

United States Constitution. Additionally, Plaintiff asserts state law claims for battery and intentional infliction of emotional distress against all Defendants.

2. This Court has subject matter jurisdiction over Plaintiff's federal claim by virtue of 28 U.S.C. §§ 1331 and 1343 and over Plaintiff's state law claims by virtue of 28 U.S.C. § 1367.

3. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district and each of the Defendants is subject to the jurisdiction of this Court.

## PARTIES

4. At all times material herein, Plaintiff Logan Colwell was a resident of Portland, Multnomah County, Oregon.

5. Defendant City of Portland is a municipal corporation, incorporated as a city under the laws of the state of Oregon. At all times material herein, Defendant Portland Police Bureau (hereinafter "PPB") was and is a law enforcement agency in Portland, Oregon.

6. At all times material herein, Nicholas Bianchini (hereinafter Defendant Bianchini), bearing badge number 50575, was and is an employee of the Portland Police Bureau, operating within the course and scope of his employment and acting under color of state law. Defendant Bianchini is sued in his individual capacity.

## FACTS

7. On August 19, 2020, Plaintiff was participating in a lawful and constitutionally protected gathering of protesters and activists assembled on the overpass traversing Interstate 5 on Highway 30, near the intersection with North Mississippi Avenue in Portland, Oregon.

8. Various officers of the PPB were dispatched to the location of the protesters to maintain order and monitor for illegal activity. Plaintiff had arrived approximately 5-10 minutes prior to the event described herein for the purpose of peacefully supporting those protestors and activists who had previously gathered throughout the day.

9. Officers of the PPB verbally instructed the crowed of protesters over loudspeaker to move eastward over the overpass toward North Mississippi Avenue.

Page 2 - COMPLAINT

THE GATTI LAW FIRM
235 Front Street SE #200, Salem OR 97301
Phone: 503-363-3443; Fax: 503-371-2482
cbest@gattilaw.com
jhealy@gattilaw.com

10. In compliance with the instructions, Plaintiff proceeded east in a lawful and peaceful manner.

11. Defendant Bianchini was present at the location dressed in full riot gear, and equipped with a baton.

12. As Plaintiff was walking east in conformity with the orders given to the crowd, Defendant Bianchini, without warning, provocation, or further command, charged and forcibly shoved Plaintiff to the ground (asphalt) with both Defendant Bianchini's arms and baton.

13. As a result of Defendant Bianchini's conduct Plaintiff suffered a patella tendon rupture to his right knee.

14. To repair the ruptured patella Plaintiff underwent surgery and physical therapy.

15. Plaintiff's injuries are permanent in nature and and have increased his susceptibility to future injury and degenerative disease.

16. As a result of Defendants' conduct Plaintiff suffered and will continue to suffer pain, suffering, severe emotional distress, and impairment to the enjoyment of his lifestyle.

17. As a further direct and proximate result of the events described herein, Plaintiff was required to and did employ the services of doctors, nurses, and hospital staff for medical examinations, treatment and care of the previously described injuries in an amount which a jury determines to be fair, but not to exceed the sum of $250,000.00, said amount to be made more definite and certain at time of trial. Plaintiff is not medical stationary and continues to incur reasonable expenses for necessary medical care and treatment.

## FIRST CLAIM FOR RELIEF

**(42 U.S.C §1983 – Fourth Amended Violation, Excessive Force, against Defendant Bianchini)**

18. Plaintiff re-alleges paragraphs 1 through 17 above and incorporates the same as though fully set forth herein.

19. At all times material herein, Plaintiff had a protected liberty interest in the Fourth

Page 3 - COMPLAINT

THE GATTI LAW FIRM
235 Front Street SE #200, Salem OR 97301
Phone: 503-363-3443; Fax: 503-371-2482
cbest@gattilaw.com
jhealy@gattilaw.com

Amendment of the United States Constitution not to be subjected to unreasonable seizure of his person through the application of undue, unnecessary or excessive force.

20. In his use of force decision Defendant Bianchini failed to ascertain or ignored all reasonable objective facts and his acts and omissions were objectively unreasonable in light of the circumstances confronting him for reasons which, based on information and belief, include the following;

    a) At all times material Defendant Bianchini lacked knowledge of facts sufficient to support an objectively reasonable belief that Plaintiff posed an immediate threat of bodily harm to any person;

    b) At all times material Defendant Bianchini lacked knowledge of any facts sufficient to support an objectively reasonable belief that Plaintiff posed any immediate flight risk for any crime committed;

    c) Defendant Bianchini gave no warning of his intention to use force against Plaintiff, even though it was reasonably feasible for Defendant Bianchini to do so;

    d) Defendant Bianchini used and applied force that was capable of causing serious and permanent injury to Plaintiff, despite no need to apply any force to Plaintiff;

    e) Defendant Bianchini intentionally used and applied force to Plaintiff that was grossly disproportionate to Plaintiff's passivity and peacefulness; and

    f) Defendant Bianchini subdued Plaintiff in an arresting manner without any probable cause to believe Plaintiff had committed any local, state, or federal crime;

21. Defendant Bianchini, acting under the color of law, violated Plaintiff's Fourth Amendment rights by applying excessive physical force to seize and arrest Plaintiff.

22. At all material times the law was clearly established in the Ninth Circuit that Defendant Bianchini's use of force in the manner and in the circumstances used against Plaintiff was objectively unreasonable, and any reasonable law enforcement officer with appropriate

Page 4 - COMPLAINT

THE GATTI LAW FIRM
235 Front Street SE #200, Salem OR 97301
Phone: 503-363-3443; Fax: 503-371-2482
cbest@gattilaw.com
jhealy@gattilaw.com

training would have known that the use of force applied to Plaintiff was unreasonable and violated Plaintiff's clearly established Fourth Amendment rights.

23.    As a direct and proximate result of Defendant Bianchini's violation of Plaintiff's Fourth Amendment rights, Plaintiff suffered the damages described at paragraphs 13 through 17.

24.    In addition, Defendant Bianchini's actions were willful, deliberate, and malicious, with reckless disregard of whether his actions would violate Plaintiff's constitutional rights. Plaintiff is entitled to punitive damages.

25.    Pursuant to 42 U.S.C §1988, Plaintiff is entitled to recover his reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### (State Law Claim – Battery All Defendants)

26.    Plaintiff re-alleges paragraphs 1 through 17 above and incorporates the same as though fully set forth herein.

27.    While acting in the course and scope of his employment with the City of Portland and PPB, Defendant Bianchini intentionally engaged in harmful or offensive contact with Plaintiff when Defendant Bianchini shoved Plaintiff to the ground, causing Plaintiff damages described in paragraphs 13 through 17.

28.    The events as described herein occurred on August 19, 2020, during the repeated extension of Oregon Governor's Executive Order No. 20-03, which declared a State of Emergency pursuant to ORS 401.165 on account of the COVID-19 pandemic.   The Oregon Legislature passed House Bill 4212 on June 30, 2020, which extended the time periods allowable for a claimant to provide any state or local entity with notice of intent to pursue a tort claim pursuant to ORS 30.275. On July 15, 2021 Plaintiff' provided Notice of his intent to assert claims against the City of Portland and Portland Police Bureau pursuant to ORS 30.275, which notice was timely.

/ / /

/ / /

/ / /

Page  5  - COMPLAINT

THE GATTI LAW FIRM
235 Front Street SE #200, Salem OR 97301
Phone: 503-363-3443; Fax: 503-371-2482
cbest@gattilaw.com
jhealy@gattilaw.com

## THIRD CLAIM FOR RELIEF

**(State Law Claim – Intentional Infliction of Emotional Distress All Defendants)**

29. Plaintiff re-alleges paragraphs 1 through 17, and 28, above and incorporates the same as though fully set forth herein.

30. Defendant Bianchini's actions as described in Paragraph 12, which were within the course and scope of his employment with the City of Portland and the PPB, intentionally or with reckless disregard inflicted severe emotional distress on Plaintiff.

31. Defendant Bianchini's actions, described in Paragraph 12, constituted an extraordinary transgression of what is considered socially tolerable conduct.

32. Defendant Bianchini's conduct towards Plaintiff, as described in Paragraph 12, caused Plaintiff severe emotional distress.

33. Plaintiff is entitled to an award of economic and non-economic damages against Defendants in amounts to be determined at trial.

34. As to all of Plaintiff's claims, Plaintiff hereby requests a jury trial

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

THE GATTI LAW FIRM
235 Front Street SE #200, Salem OR 97301
Phone: 503-363-3443; Fax: 503-371-2482
cbest@gattilaw.com
jhealy@gattilaw.com

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory non-economic and economic damages;
2. For punitive damages; and
3. For Plaintiff's attorney's fees, costs, disbursements incurred herein, and further relief as the Court may deem just and equitable.

DATED this 9th day of August, 2022

        THE GATTI LAW FIRM

        By    /s/ Christopher R. Best
        Christopher R. Best, OSB No. 082649
        E-mail: cbest@gattilaw.com
        Of Attorneys for Plaintiff

        THE GATTI LAW FIRM

        By    /s/ James M. Healy
        James M. Healy OSB No. 123403
        E-mail: jhealy@gattilaw.com
        Of Attorneys for Plaintiff

Page 7 - COMPLAINT

THE GATTI LAW FIRM
235 Front Street SE #200, Salem OR 97301
Phone: 503-363-3443; Fax: 503-371-2482
cbest@gattilaw.com
jhealy@gattilaw.com