ELIZABETH C. WOODARD, OSB 075667
Deputy City Attorney
beth.woodard@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Of Attorneys for Defendant City of Portland

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LOGAN COLWELL,** | 3:22-cv-01163-SB |
| **PLAINTIFF,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES** |
| **PORTLAND POLICE BUREAU, a municipal agency; CITY OF PORTLAND, a municipal corporation; and NICHOLAS BIANCHINI, in his individual capacity,** | |
| **DEFENDANTS.** | |

Defendant City of Portland ("City") responds to plaintiff's allegations in correspondingly numbered paragraphs as follows:

**JURISDICTION AND VENUE**

1.

Paragraph 1 contains a summary of plaintiff's claims and requires no response.

2.

Paragraph 2 contains legal conclusions, which the City is not obligated to answer. To the extent an answer is required as to the allegations of paragraph 2, the City admits this Court has subject matter jurisdiction for all claims alleged pursuant to the Fourth and Fourteenth

Page  1  –    DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

Amendments to the United States Constitution and claims pursuant to 42 U.S.C. § 1983. The City denies this Court has jurisdiction over any of plaintiff's state law claims.

3.

Paragraph 3 contains legal conclusions, which the City is not obligated to answer. To the extent an answer is required as to the allegations of paragraph 3, the City admits that the acts and practices alleged in the Complaint occurred in the District of Oregon.

## PARTIES

4.

The City admits paragraph 4 on information and belief.

5.

Paragraph 5 contains legal conclusions, which the City is not obligated to answer. The City admits that it is a municipal entity created and authorized under the laws of the State of Oregon. The City admits Portland Police Bureau ("PPB") is a law enforcement agency created and authorized under the laws of the State of Oregon. The City denies the remainder of paragraph 5.

6.

Paragraph 6 contains legal conclusions, which the City is not obligated to answer. The City admits Nicholas Bianchini, badge number 50575, was and is a PPB employee. The City is without sufficient information to admit or deny the remaining allegations of paragraph 6 and denies the same.

## FACTS

7.

Paragraph 7 contains legal conclusions, which the City is not obligated to answer. On information and belief, the City admits the date and time of Mr. Colwell's incident was approximately 1:00 am on August 15, 2020. The City further admits it declared an unlawful

Page  2  –   DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

assembly at approximately 10:07 pm on August 14, 2020 after paint balloons, lasers, and water bottles were thrown at officers. The City further admits it made continuous announcements declaring an unlawful assembly and providing dispersal orders from 10:07 pm on August 14, 2020 through the time of Mr. Colwell's incident, approximately 1:00 am August 15, 2020. The City further admits protesters remained gathered after the declaration of unlawful assembly and without following dispersal orders. The City further admits despite numerous warnings, protesters, including Mr. Colwell, remained behind the line of PPB officers on the Highway 30 overpass near the North Mississippi Avenue intersection after the declaration of unlawful assembly and contrary to dispersal orders. To the extent not previously admitted, the City denies the remaining allegations of paragraph 7.

8.

In response to paragraph 8, the City admits PPB declared an unlawful assembly and provided dispersal orders continuously from approximately 10:07 pm on August 14, 2020 through the time of Mr. Colwell's incident, approximately 1:00 am on August 15, 2020. The City is without sufficient information to admit or deny the remaining allegations of paragraph 8 and therefore denies the same.

9.

In response to paragraph 9, the City admits PPB declared an unlawful assembly and provided dispersal orders continuously from approximately 10:07 pm on August 14, 2020 through the time of Mr. Colwell's incident, approximately 1:00 am on August 15, 2020. The City is without sufficient information to admit or deny the remaining allegations of paragraph 9 and therefore denies the same.

10.

In response to paragraph 10, the City admits PPB declared an unlawful assembly and provided dispersal orders continuously from approximately 10:07 pm on August 14, 2020

through the time of Mr. Colwell's incident, approximately 1:00 am on August 15, 2020. The City is without sufficient information to admit or deny the remaining allegations of paragraph 10 and therefore denies the same.

11.

In response to paragraph 11, the City admits Defendant Bianchini was present at the time of Mr. Colwell's incident, wearing an issued uniform and carrying issued equipment. To the extent not expressly admitted, the City is without sufficient information to admit or deny the remaining allegations of paragraph 11 and therefore denies the same.

12.

Paragraph 12 contains legal conclusions, which the City is not obligated to answer. To the extent the assertions of paragraph 12 may be construed as allegations of fact, the City is without sufficient information to admit or deny the allegations and therefore denies the same.

13.

Paragraph 13 contains legal conclusions, which the City is not obligated to answer. To the extent the assertions of paragraph 13 may be construed as allegations of fact, the City is without sufficient information to admit or deny the allegations and therefore denies the same.

14.

In response to paragraph 14, the City is without sufficient information to admit or deny these allegations, and therefore denies the same.

15.

In response to paragraph 15, the City is without sufficient information to admit or deny these allegations, and therefore denies the same.

16.

Paragraph 16 contains legal conclusions, which the City is not obligated to answer. To the extent the assertions of paragraph 16 may be construed as allegations of fact, the City is

without sufficient information to admit or deny the allegations and therefore denies the same.

17.

Paragraph 17 contains legal conclusions, which the City is not obligated to answer. To the extent the assertions of paragraph 17 may be construed as allegations of fact, the City is without sufficient information to admit or deny the allegations and therefore denies the same.

## FIRST CLAIM FOR RELIEF

**(42 U.S.C § 1983 – Fourth Amendment Violation, Excessive Force, against Defendant Bianchini)**

18.

The City alleges paragraphs 1-17 as if fully set forth herein.

19. – 25.

The City asserts paragraphs 19-25 are directed solely at Defendant Bianchini and require no response. To the extent these paragraphs may be construed as allegations of fact against the City, the City is without sufficient information to admit or deny the allegations and therefore denies the same.

## SECOND CLAIM FOR RELIEF

**(State Law Claim – Battery All Defendants)**

26.

The City alleges paragraphs 1-25 as if fully set forth herein.

27. - 28.

Paragraphs 27-28, in part, are directed at other defendants, and require no response. To the extent, paragraphs 27-28 are directed at the City, the City asserts these paragraphs constitute conclusions of law and require no response. To the extent paragraphs 27-28 may be construed as allegations of fact against the City, the City is without sufficient information to admit or deny the

Page  5  –   DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

allegations and therefore denies the same.

## THIRD CLAIM FOR RELIEF

**(State Law Claim – Intentional Infliction of Emotional Distress All Defendants)**

29.

The City alleges paragraphs 1-25 as if fully set forth herein.

30. – 33.

Paragraphs 30-33, in part, are directed at other defendants, and require no response. To the extent, paragraphs 30-33 are directed at the City, the City asserts these paragraphs constitute conclusions of law and require no response. To the extent paragraphs 30-33 may be construed as allegations of fact against the City, the City is without sufficient information to admit or deny the allegations and therefore denies the same.

34.

Paragraph 34, plaintiff's request for jury trial, requires no response.

35.

To the extent not expressly admitted above, the City denies each and every allegation of plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

36.

The Complaint fails to state a claim upon which relief can be granted. *DeShaney v. Winnebago County Dept. of Social Servs.,* 489 U.S. 189, 195-97, 202 (1989); *Johnson v. City of Seattle,* 474 F.3d 634-41 (9th Cir. 2007).

///

Page 6 –   DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

37.

The City is entitled to qualified immunity from liability under 42 U.S.C. § 1983. Defendants at all times acted in good faith, and a reasonable police officer would have known that any of their actions or inactions would violate a clearly established constitutional right of plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Oregon Tort Claim Act Limitation on Claims and Damages – ORS 30.260 *et seq*.)

38.

Plaintiff's state law claim and damages against defendant City are subject to all the limitations, conditions, and immunities contained in the Oregon Tort Claims Act, ORS 30.260 *et seq*., including the limitation on damages at ORS 30.272.

## FOURTH AFFIRMATIVE DEFENSE

### (Riot, Civil Commotion, Mob Action Immunity – ORS 30.265(6)(e))

39.

The claims asserted in Plaintiff's Complaint arise out of riot, civil commotion or mob action or out of an act or omission in connection with the prevention of the foregoing. Accordingly, defendant City is immune from any state law claims pursuant to ORS 30.265(6)(e).

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

40.

All or part of the harm alleged by Plaintiff was a result of Plaintiff's own actions or inactions or was otherwise a result of his failure to mitigate damages.

///

## SIXTH AFFIRMATIVE DEFENSE

### (Right to Amend)

41.

Defendant City reserves the right to amend its Answer and Defenses through and after discovery.

Dated: November 7, 2022

                         Respectfully submitted,

                         */s/ Elizabeth C. Woodard*
                         ELIZABETH C. WOODARD
                         OSB # 075667
                         Deputy City Attorney
                         Telephone: (503) 823-4047
                         *Of Attorneys for Defendant City of Portland*